# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| JOSE LUIS VIZCAINO-RAMOS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:14-cv-01230-STA-egb |
| ) | |
| CHERRY LINDAMOOD, ) | |
| ) | |
| Respondent. ) | |

## ORDER DENYING MOTIONS FOR EVIDENTIARY HEARING AND DISCOVERY, DENYING MOTION FOR COUNSEL AND FINANCIAL ASSISTANCE, AND GRANTING LEAVE TO FILE SUPPLEMENTAL REPLY

On September 11, 2014, Petitioner, Jose Luis Vizcaino-Ramos, filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254 ("Petition"). (ECF No. 1.) Respondent, Cherry Lindamood, filed an Answer to the Petition. (ECF No. 21.) In response, Vizcaino-Ramos filed two motions for "fact-finding procedures" (ECF Nos. 22 and 25), and a Reply (ECF No. 27.) In all three submissions, Petitioner requests discovery and an evidentiary hearing. Petitioner has also filed a motion for appointment of counsel and for "financial assistance for an expert." (ECF No. 26.) For the reasons that follow, the motions are **DENIED**. Petitioner is **GRANTED** leave to file a supplemental reply.

## BACKGROUND

In January 2010, a jury convicted Vizcaino-Ramos of first degree murder, and the trial court sentenced him to life in prison. (ECF No. 20-1 at 43.) On direct appeal, the Tennessee Court of Criminal Appeals ("TCCA") affirmed the conviction. *See State v. Vizcaino-Ramos*, No.

W2010-01325-CCA-R3-CD, 2011 WL 3330294, at *1 (Tenn. Crim. App. August 3, 2011), *perm. app. denied* (Tenn. Nov. 16, 2011). The Tennessee Supreme Court subsequently denied Petitioner's application for permission to appeal. (ECF No. 20-8 at 1.)

Vizcaino-Ramos filed a *pro se* post-conviction petition in the state court (ECF No. 20-9 at 6-40), which was later amended through appointed counsel (*Id.* at 46-50). The post-conviction trial court denied the claims and the TCCA affirmed. *See Vizcaino-Ramos v. State*, No. W2012-02319-CCA-R3-PC, 2013 WL 6212041, at *1 (Tenn. Crim. App. Nov. 20, 2013), *perm. app. denied* (Tenn. April 9, 2014). The Tennessee Supreme Court denied Petitioner's application for permission to appeal. (ECF No. 20-15 at 1.)

Petitioner filed his federal habeas Petition on September 11, 2014, asserting the following substantive claims:

> **Claim 2**: Trial counsel was ineffective in failing "to obtain and present forensic analysis of the wou[n]d pattern and crime scene evidence which would have yielded exculpatory evidence showing Petitioner's [i]nnocence."
>
> **Claim 4**: Trial counsel "failed to properly request forensic examination[]s of the victim's hands, personal effects, and clothing in order to check for physical evidence which supported Petitioner's testimony that the shooting was unintentional as opposed to premeditated murder."
>
> **Claim 6**: Trial counsel failed "to properly request forensic examination [of] the .9 mm pistol used in the shooting, in order to check for physical evidence which supported Petitioner's testimony that the shooting was unintentional as opposed to premeditated murder."
>
> **Claim 8**: Trial counsel failed "to properly present to the jurors the facts and circumstances surrounding the murder of the victim, in order to show that it was an unintentional as opposed to premeditated murder[,]" including:
>
>> 8(a): failing to present to the jury evidence that the victim initiated contact with Vizcaino-Ramos in violation of a "no-contact" order;
>>
>> 8(b) failing to present other evidence of lack of premeditation.

**Claim 10**: Trial counsel failed "to properly request instructions on, and present evidence to support the defenses of: (a) diminished capacity, (b) voluntary intoxication, (c) duress, and (d) accident and misfortune; and thereby prove that the murder of Mary Graves was unintentional as opposed to premeditated."

**Claim 12**: Trial counsel failed "to properly obtain and present to the jurors, testimony of a forensic psychiatrist or neuro-psychologist showing that under the circumstances and facts of the murder, Petitioner lacked the capacity [to] form the requisite mental state."

**Claim 14**: Trial counsel failed "to properly object to and challenge the admissib[ility] [of] evidence of prior bad acts, which therefore prejudiced the Petitioner."

**Claim 16**: Trial counsel "made egregious and erroneous statements to the jury during both opening and closing arguments."

(ECF No. 1 at 10-12.)

In Claims 1, 3, 5, 7, 9, 11, 13, and 15, Petitioner alleges that post-conviction counsel was ineffective "for failing to present" the ineffective assistance of trial counsel claims that are contained in Claims 2, 4, 6, 8, 10, 12, 14, and 16. (*Id.*) Petitioner acknowledges that his post-conviction counsel claims are not substantive claims, but rather, allegations that the errors of post-conviction counsel are cause to excuse the procedural defaults of some or all of his substantive claims. (*See* ECF No. 27 at 3.)

On February 15, 2017, Respondent filed the state-court record and its Answer to the Petition. (ECF Nos. 20 and 21.) Petitioner subsequently filed a Reply (ECF No. 27), as well as the several motions which are now before the Court for ruling (ECF Nos. 22, 25, and 26).

## DISCUSSION

In his motions for an evidentiary hearing and discovery, and in his Reply, Petitioner argues that there exist numerous factual disputes which must be explored through discovery and resolved in an evidentiary hearing before the Court can decide the merits of his habeas claims. (*See* ECF Nos. 22, 25, and 27.) In his reply brief in support of his motions, however, Petitioner

narrows his argument considerably. (ECF No. 31.) He states that "[t]he sole factual dispute in this case—and the fact on which this case hinges—is whether trial counsel's failure to present evidence of the no contact order to the jury and an expert to conduct a mental evaluation, . . . provided the ineffective assistance of trial counsel that prejudiced the Petitioner." (ECF No. 31 at 1-2.) Vizcaino-Ramos argues that he should be allowed to expand the record as to these claims—*i.e.*, Claim 8(a) (no-contact order) and Claim 12 (mental evaluation)—because he has shown that "he was diligent in efforts to develop the facts supporting" them. (*Id.* at 3.)

Petitioner also seeks leave to conduct discovery on the factual disputes. (ECF Nos. 22 and 25.) He further asks that the Court appoint counsel and for financial assistance in retaining an expert mental health witness. (ECF No. 26. ).

The Court concludes that it may not hold an evidentiary hearing to expand the state-court record. Discovery, appointment of counsel, and financial assistance to secure an expert witness—all of which Petitioner seeks for the purpose of expanding the state-court record—are therefore also unwarranted.

1. **Legal Standards**

    **A. Habeas Review and Procedural Default**

    The statutory authority for federal courts to issue habeas corpus relief for persons in state custody is provided by § 2254, as amended by the Antiterrorisim and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2254. Under the AEDPA, where the petitioner's claim was "adjudicated on the merits" in the state courts, 28 U.S.C. § 2254(d), federal habeas relief "may not be granted" unless the state-court decision is "contrary to" clearly established federal law, "involved an unreasonable application of such law," or "was based on an unreasonable determination of the facts in light of the record before the state court." *Harrington v. Richter*,

562 U.S. 86, 100 (2011) (internal quotation marks and citations omitted) (citing 28 U.S.C. § 2254(d)(1), (d)(2)).

Before a federal court will review the merits of a claim brought under § 2254, the petitioner must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To be properly exhausted, a claim must be "fairly presented" through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

The exhaustion requirement works in tandem with the procedural-default rule, which generally bars federal habeas review of claims that were procedurally defaulted in the state courts. *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991); *Boerckel*, 526 U.S. at 848. A petitioner procedurally defaults his claim where he fails to properly exhaust available remedies (that is, fails to "fairly present" the claim through "one complete round" of the state's appellate review process), and he can no longer exhaust because a state procedural rule or set of rules have closed-off any "remaining state court avenue" for review of the claim on the merits. *Harris v. Booker*, 251 F. App'x 319, 322 (6th Cir. 2007). Procedural default also occurs where the state court "actually . . . relie[s] on [a state] procedural bar as an independent basis for its disposition of the case." *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985). To cause a procedural default, the state court's ruling must "rest[] on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman*, 501 U.S. at 729.

It is only when the petitioner shows "cause for the default and actual prejudice as a result of the alleged violation of federal law," or demonstrates that "the court's failure to consider the claim[] will result in a fundamental miscarriage of justice," that a federal court will review the merits of a claim that was procedurally defaulted. *Id.* at 748, 750. The ineffectiveness of post-

5

conviction counsel may be cause to excuse the default of an ineffective-assistance-of-trial-counsel claim. *Martinez v. Ryan*, 566 U.S. 1, 7 (2012); *Trevino v. Thaler*, --U.S.--, 133 S. Ct. 1911, 1918 (2013); *Hodges v. Colson*, 727 F.3d 517, 531 (6th Cir. 2013).

### B. Evidentiary Hearings

When a claim has been "adjudicated on the merits in State court proceedings," § 2254(d), the federal court's review of the claim is "limited to the record that was before the state court. . . ." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Accordingly, an evidentiary hearing in federal court to further develop the factual basis for such a claim is not permitted. *Id.*

If the claim was not adjudicated on the merits, the petitioner may be entitled to an evidentiary hearing if he diligently attempted to develop the factual basis for the claim in the state courts. *Williams v. Taylor*, 529 U.S. 420, 430–37 (2000). A petitioner who cannot make this showing is not necessarily out of luck, however. Section 2254(e)(2) provides a narrow path to an evidentiary hearing for a prisoner who "failed to develop the factual basis of a claim." § 2254(e)(2). "Fail[ure] to develop" means that the state court record is undeveloped due to "lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams*, 529 U.S. at 432. Section 2254(e)(2) sets forth "stringent conditions for excusing [that] deficiency." *Id.* at 423. First, the federal claim must "'rel[y] on'" either "'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable,'" or "'a factual predicate that could not have been previously discovered through the exercise of due diligence.'" *Id.* at 429-30 (quoting § 2254(e)(2)). Second, "'the facts underlying the claim [must] be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.'" *Id.* at 430 (quoting § 2254(e)(2)).

6

## C. Discovery

"[U]nlike the usual civil litigant in federal court," a § 2254 petitioner "is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") provides, in pertinent part, that "[a] judge may, for good cause, authorize a party to conduct discovery . . . ." Habeas Rule 6(a). Rule 6(b) requires that the "party requesting discovery . . . provide reasons for the request." Habeas Rule 6(b).

Good cause does not exist when there is no "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief." *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (internal quotation marks omitted). Accordingly, if a court concludes that review of a claim is limited to the state court record, as prescribed by *Pinholster*, or if the claim is procedurally defaulted and the default is unexcused, discovery on the claim would be futile, and the request for discovery should be denied for lack of good cause. *See Caudill v. Conover*, 871 F. Supp. 2d 639, 646 (E.D. Ky. 2012) (denying petitioner's request for discovery where *Pinholster* precluded an evidentiary hearing, stating "It would defy logic to preclude a petitioner from developing factual information in an evidentiary hearing [under *Pinholster*], but allow her to introduce the same factual information via discovery and expansion of the record."); *Murphy v. Bradshaw*, No. C-1-03-053, 2003 WL 23777736, at *1 (S.D. Ohio Sept. 13, 2003) ("[T]here can be no good cause to allow discovery of facts underlying a procedurally defaulted claim.").

## 2. Vizcaino-Ramos's Request for an Evidentiary Hearing

Petitioner insists that he is entitled to a hearing to expand the factual bases for Claims 8(a) and 12 because he was "diligent" in trying to develop the record before the state courts.

(ECF No. 31 at 3.) He asserts that the record was not developed due to the failures of his post-conviction trial counsel.[1] (*Id.*) He does not indicate what more counsel should have done with regard to the no-contact order (Claim 8(a)), but does specify that counsel should have introduced the testimony of a mental health expert to prove Claim 12. (ECF No. 25 at 3; ECF No. 31 at 3.)

A hearing on Claim 8(a) is not warranted, primarily, because development of the factual basis for the claim would be futile. Petitioner does not dispute that Claim 8(a) is procedurally defaulted, and the record shows that the default is not excused. The claim was raised by post-conviction counsel in the amended petition (ECF No. 20-9 at 49), and litigated at the evidentiary hearing (ECF No. 20-9 at 67; 20-10 at 41-43, 113, 120). However, in his appeal from the denial of his post-conviction claims, Vizcaino-Ramos did not raise the issue of trial counsel's failure to introduce evidence of the no-contact order (*see* ECF No. 20-11), and thus procedurally defaulted the claim. *See* Tenn. Code Ann. § 40-30-106(g) ("A ground for relief is waived if the petitioner . . . failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented.") The default is unexcused because "postconviction appellate counsel's ineffective assistance cannot serve as cause to excuse a procedural default." *Young v. Westbrooks*, No. 16-5075, --F. App'x.--, 2017 WL 2992222, at *3 (6th Cir. July 14, 2017).

Because the Court cannot review the defaulted claim, *see Coleman*, 501 U.S. at 748, 752-53, an evidentiary hearing to expand its factual basis would be futile. *See Rios v. Shane Place*, No. 2:15-CV-160, 2017 WL 4271105, at *3 (W.D. Mich. Sept. 26, 2017) (denying evidentiary hearing on ineffective assistance of counsel claims "since the claims were

---

[1] Petitioner also alleges that the "underdevelopment" of Claim 12 in the post-conviction proceeding was "attributable to the denial of his request for funds to hire an expert for mental evaluation." (ECF No. 31 at 3.) The Court is unable to locate a post-conviction motion for funds, or an order denying such a motion, in the post-conviction record filed by the State.

procedurally defaulted and could not be considered on their merits"); *Contraras v. Butler,* No. 13 C 7306, 2015 WL 5921732, at *12 (N.D. Ill. Oct. 9, 2015) (denying, as "futile," evidentiary hearing on procedurally defaulted claim); *see also generally Pinholster*, 563 U.S. at 208 & n. 1 (Sotomayor, dissenting) ("With certain narrow exceptions, federal courts cannot consider a claim at all, let alone accept new evidence relevant to the claim," if the claim is unexhausted or procedurally defaulted).

Petitioner is not entitled to an evidentiary hearing on Claim 8(a) for the additional reason that § 2254(e)(2) forbids it. As noted, except in certain narrow circumstances, § 2254(e)(2) prohibits a court from conducting an evidentiary hearing on a claim that the petitioner did not develop in state court, either through his own lack of diligence or that of his attorney. *Williams*, 529 U.S. at 432. Underlying *Williams*'s rule is the principle that an attorney is treated as the agent of his client. *See generally Coleman*, 501 U.S. at 753 (post-conviction counsel "is the petitioner's agent when acting, or failing to act, in furtherance of the litigation"). Accordingly, counsel's alleged failure to develop the record for Claim 8(a) in the post-conviction proceeding is attributable to Petitioner for purposes of § 2254(e)(2). Vizcaino-Ramos is thus entitled to an evidentiary hearing only if he meets that provision's stringent requirements. This he cannot do. Claim 8(a) neither relies on "a new rule of constitutional law . . .or . . . a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2).

Petitioner nevertheless insists that *Martinez* authorizes an evidentiary hearing. He essentially argues that he should not be bound by counsel's failure to develop the record for Claim 8(a) because the failure constituted ineffective assistance. (ECF No. 31 at 3.) In *Henderson v. Carpenter*, 21 F. Supp. 3d 927, 932-33 (W.D. Tenn. 2014), this Court rejected the

contention that *Martinez*'s equitable rationale should be extended to a "default of proof." *Id.* at 33. The Court rejects it again here. *See also Williams v. Mitchell*, No. 1:09 CV 2246, 2012 WL 4505181 at * 6 (N.D. Ohio Sept. 28, 2012) (denying request for evidentiary hearing and rejecting petitioner's argument that *Martinez* extends to a "'default' of the factual development of [a] . . . claim").[2]

Petitioner is also not entitled to a hearing on Claim 12. The claim was raised and litigated in both the post-conviction hearing and on appeal. *See Vizcaino-Ramos*, 2013 WL 6212041, at *1, 7. On review of the record adduced at the post-conviction hearing, the TCCA affirmed the lower court's determination that trial counsel had not rendered ineffective assistance in failing to call a mental health expert. *Id.* at *7. The appellate court found that Petitioner had not established, as required under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), that he was prejudiced by his trial counsel's failure. *Id.* In particular, there was no evidence in the post-conviction record as to "what the results of a mental evaluation would have been." *Id.* Claim 12 was thus adjudicated on the merits. It is reviewable by this Court under the deferential standards of § 2254(d), but *Pinholster* limits the review to the record that was before the state court. *See Pinholster*, 563 U.S. at 181.

Petitioner argues that *Martinez* nevertheless authorizes an evidentiary hearing on Claim 12. He attributes the default of proof on *Strickland*'s requirements to initial-review post-

---

[2] There may be cases where *Martinez* influences the application of § 2254(e)(2), but this is not one of them. *See e.g., Dickens v. Ryan*, 740 F.3d 1302, 1321 (9th Cir. 2014) (*en banc*) ("Section 2254(e)(2) . . . does not bar a hearing before the district court to allow a petitioner to show 'cause' under *Martinez*" for the procedural default of a claim at the initial-review post-conviction proceeding); *Jones v. Ryan*, No. CV-01-00592-TUC-TMB, 2017 WL 264500, at *19 (D. Ariz. January 18, 2017) ("[I]f Petitioner can demonstrate that he is not at fault for failing to bring the claim, and his procedural default is excused under *Martinez*, he is by extension not at fault for failing to develop the claim under § 2254(e)(2).") (internal quotation marks omitted).

conviction counsel's failure to secure a mental health evaluation from an expert. (ECF No. 31 at 3.) As noted, *Martinez* operates to excuse a procedural default, not a default of proof. *Henderson*, 21 F. Supp. 3d at 932-33. Petitioner's attempt to "circumvent *Pinholster*" through *Martinez* is rejected. *Id.* at 933 (citing *Moore v. Mitchell,* 708 F.3d 760, 785 (6th Cir. 2013) ("*Martinez* does not alter" *Pinholster*'s "ban[] . . . [on] an attempt to obtain review of the merits of claims presented in state court in light of facts that were not presented in state court") and *Dixon v. Houk,* 737 F.3d 1003, 1012 n. 2 (6th Cir.2013) (holding *Martinez* does not allow a petitioner to circumvent the proper standard of review under *Pinholster* where the claims were adjudicated on the merits in the state courts), *reh'g & reh'g en banc denied* (Jan. 29, 2014)).

The requests for an evidentiary hearing are **DENIED**.

3. **Request for Discovery**

Discovery is not warranted as to either Claim 8(a) or Claim 12. With regard to Claim 8(a), Petitioner has not "provid[e]d reasons" for discovery into the factual basis of the claim. Habeas Rule 6(b). The no-contact order was submitted as an exhibit to the amended petition in the post-conviction hearing (ECF No. 20-9 at 49), and testimony regarding the order was elicited from both Petitioner and his trial counsel (ECF No. 20-10 at 41-43, 113, 120). Vizcaino-Ramos has not explained what further evidence is needed.

In addition, Petitioner cannot show "good cause" for discovery into either Claim 8(a) or Claim 12. Habeas Rule 6(a). As discussed, Claim 8(a) is procedurally defaulted and a hearing on Claim 12 to consider evidence produced in discovery is prohibited under *Pinholster*. Discovery would therefore be futile.

The requests for discovery are **DENIED**.

### 4. Motion for Counsel and Financial Assistance

Petitioner requests financial assistance under the Criminal Justice Act, 18 U.S.C. § 3006A, for a mental health expert who will provide evidence in support of Claim 12. (ECF No. 26 at 2-3.) He also requests appointment of counsel to "administer [the] funds." (*Id.* at 3.)

Because the Court has denied Petitioner's motions for a hearing and for discovery, the motion for counsel and financial assistance is **DENIED** as moot.

### 5. Supplemental Reply

In his Reply, Petitioner argues, primarily, that the State's request for dismissal of the Petition should be denied because discovery and an evidentiary hearing are necessary to resolve factual disputes. Because the Court has concluded that discovery and an evidentiary hearing are not warranted, Petitioner is allowed twenty-eight (28) days from the entry-date of this order to file a Supplemental Reply in which to advance any additional arguments he may have in opposition to the State's Answer. The Supplemental Reply shall not exceed fifteen (15) pages.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: November 7, 2017.